**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**SHERRI SCHULTHEIS, DIANE REED,
and KATHERINE WHEELER,**

**Plaintiffs,**

**v.**

**COMMUNITY HEALTH SYSTEMS, INC.,
a Delaware Corporation and MARION
HOSPITAL CORPORATION, d/b/a HEARTLAND
REGIONAL MEDICAL CENTER,**

**Defendants.**                                    **No. 11-0435-DRH**


**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

**I. Introduction**

Pending before the Court is defendant Marion Hospital Corporation d/b/a

Heartland Regional Medical Center's motion for judgment on the pleadings (Doc. 29).

Defendant argues that it is entitled to judgment on the pleadings on Count V, breach

of contract claim, of plaintiffs' first amended complaint as that claim is preempted

by the comprehensive enforcement scheme embodied by the Fair Labor Standards

Act, 29 U.S.C. § § 201 et seq.  Plaintiffs oppose the motion (Doc. 32).  Based on the

following, the Court denies the motion.

On June 22, 2011, plaintiffs Sherri Schultheis, Diane Reid and Katherine

Wheeler filed a five-count first amended complaint against defendants Community

Health Systems, Inc. ("CHSI") and Marion Hospital Corporation, d/b/a Heartland Regional Medical Center ("Marion Hospital") (Doc. 5).  Plaintiffs' first amended complaint is brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and state common law claims for violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), the Illinois Whistleblower Act, 740 ILCS 174/1 et seq. ("IWA") and breach of contract.  Plaintiffs were employed as registered nurses in the labor and delivery department at Marion Hospital in Marion, Illinois.

## II.  <u>Analysis</u>

A party is permitted under Rule 12(c) to move for judgment on the pleadings after the parties have the complaint and the answer.  Fed.R.Civ.P. 12(c); *Brunt v. Serv. Employeees Int'l Union*, 284 F.3d 715. 718 (7th Cir. 2002); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998). A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond a doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan,* 107 F.3d 459, 461 (7th Cir. 1997); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations." *Forseth v. Village of Sussex,* 199 F.3d 363, 364 (7th Cir.

2000); *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). A court may rule on a judgment on the pleadings under Rule 12(c) based on a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Id.* at 452–453.

To survive a motion for judgment on the pleadings, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949, 1965 (citing *Twombly,* 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. The court does not take "legal conclusion[s] couched as factual allegation[s]" as true. *Id.* at 1950.

Here, defendant argues that plaintiff Wheeler's common law breach of contract claim is preempted by the FLSA. Defendant maintains that state common law claims, like Wheeler's breach of contract claim, obstruct the enforcement and remedial schemes embodied in the FLSA as the claims are squarely based on rights

established by the FLSA.  In support of its motion, defendant cites to numerous district courts in the Seventh Circuit and district courts in other circuits have held that the FLSA precludes state common law claims arising from or based upon rights protected by the FLSA.  Plaintiffs counter that the Seventh Circuit has not spoken on the issue of whether the FLSA preempts state statutory or common law claims and neither has Congress.  Further, plaintiffs maintain that the FLSA's saving clause does not prohibit alternate claims with overlapping remedies.  The Court agrees with plaintiffs.

Congress has the authority to expressly preempt state law by defining the scope of preemption, or to impliedly preempt state law where congressional intent to supersede state law may be inferred.  *See U.S. Const., art. VI, cl. 2; Fid. Fed. Sav. & Loan Ass'n v. dela Cuesta*, 458 U.S. 141, 152-53 (1982).  Congressional intent controls the preemption analysis, however the court presumes Congress does not wish to interfere with the state's power to provide for the welfare of its people "unless that was the clear and manifest purpose of Congress."   *Wyeth v. Levine*, 12 S.Ct. 1187, 1194-95 (2009).  The Seventh Circuit has explained the doctrine of federal preemption as follows:

> The central issue of this case is federal preemption, which occurs when a state law is invalidated because it conflicts with a federal law. The constitutional basis for federal preemption is found in the Supremacy Clause (Article VI, Clause 2 of the U.S. Constitution), which states, "[T]he Laws of the United States ... shall be the supreme Law of the Land [.]" Preemption comes in three forms. First, and the easiest to apply, is express preemption which occurs when Congress clearly declares its intention to preempt state law. Second, we have implied preemption which occurs when the "structure and purpose" of federal

law shows Congress's intent to preempt state law. Finally, we come to conflict preemption which occurs when there is an actual conflict between state and federal law such that it is impossible for a person to obey both. *See English v. Gen. Elec. Co.,* 496 U.S. 72, 79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990).

*Mason v. SmithKline Beecham Corp.*, 596 F.3d 387, 390 (7th Cir.2010).

The FLSA authorizes workers to file private actions to recover unpaid wages, damages, costs and attorneys' fees.  29 U.S.C. § 216(b).  In the area of labor law, "[t]here is a strong presumption that Congress, in enacting the FLSA for the benefits of the workers, did not intend to override the State's traditional role protecting the health and safety of their citizens." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192-95 (4th Cir. 2007). The FLSA contains a savings clause, which provides: "No provision of this chapter ... shall excuse noncompliance with any Federal or State law ... establishing a minimum wage higher than the minimum wage ... or a maximum work week lower than the maximum work-week [sic] established under this chapter ...." 29 U.S.C. § 218(a).  Accordingly, the savings clause expressly allows states to legislate greater protections for the benefit of workers. *See Anderson*, 508 F.3d at 193.

As stated previously, the Seventh Circuit has not addressed the issue of whether the remedies under the FLSA are exclusive.  The Court is aware that there is a split in the circuit courts on this issue and that other district courts in the Seventh Circuit have ruled that state claims are preempted by the FLSA where those

claims merely duplicate the FLSA claims. [1]   The Court is also aware that other district courts have held that the FLSA does not generally preempt state law claims in a given case. Moreover, the  FLSA's savings clause, which allows states to enact stricter wage, hour, and child labor provisions, indicates that the FLSA does not provide an exclusive remedy for its violations. *See* 29 U.S.C. § 218(a).  As other courts have held, this Court likewise believes the savings clause indicates that Congress did not foreclose states from providing alternative remedies.

Further, and more importantly, Wheeler signed a separate written agreement that provided her with additional rights regarding the additional hours.  According to Wheeler, "[u]nder the terms of the Agreement, any additional hours over and above what the agreement provided for 'may be scheduled at any time by the employee in consultation with the Department Director or designee.'" (Doc. 5, ¶ 113).  Wheeler, in addition to alleging that defendant failed to compensate her for over time work, also contends that defendant breached the agreement by "changing the terms and conditions of the Agreement when it required Wheeler to work mandatory on-call hours without her consent." (Doc. 5, ¶ 116).  Thus, the Court finds that Wheeler's breach of contract claim does not interfere, frustrate, conflict with or stand as an obstacle to the goals of FLSA.  Therefore, obstacle preemption is not applicable under these circumstances.

---

[1]*See Anderson*, 508 F.3d at 193 (holding that the FLSA preempts claims that "depend on establishing that [the employer] violated the FLSA."); *See also Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151-53 (9th Cir. 2000)(holding that FLSA does not preempt common law fraud claims and that the FLSA does not provide exclusive remedies for violating its provisions.).

Reviewing the complaint in a light most favorable to plaintiffs, the Court finds that Wheeler has alleged facts sufficient to support her breach of contract claim. While additional discovery may reveal that the breach of contract claim is duplicative of the statutory claims, the Court cannot conclude at this stage of the proceedings that the breach of contract claim is preempted by the FLSA.

### III.  Conclusion

Accordingly, the Court **DENIES** defendant's motion for judgment on the pleadings (Doc. 29).

**IT IS SO ORDERED**.

Signed this 24th day of May, 2012.

Digitally signed by
David R. Herndon
Date: 2012.05.24
14:06:39 -05'00'

**Chief Judge**
**United States District Court**