IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERRI SCHULTHEIS, DIANE REED,
and KATHERINE WHEELER,

Plaintiffs,

v.

COMMUNITY HEALTH SYSTEMS, INC.,
a Delaware Corporation and MARION
HOSPITAL CORPORATION, d/b/a HEARTLAND
REGIONAL MEDICAL CENTER,

Defendants.                                                    No. 11-0435-DRH

## MEMORANDUM and ORDER

HERNDON, Chief Judge:

## I.  Introduction and Background

Now before the Court is defendant Community Health Systems, Inc.'s motion

for reconsideration of the Court's January 26, 2012 Memorandum and Order as to

personal jurisdiction or in the alternative, request for certification of interlocutory

order for appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 36).  Plaintiffs filed an

opposition to the motion and defendant filed a reply (Docs. 44 & 58).  Based on the

following, the Court denies the motion.

## II.  Analysis

Although they are frequently filed, the Seventh Circuit describes a motion for

reconsideration as "a motion that, strictly speaking, does not exist under the Federal

Rules of Civil Procedure." *Hope v. United States,* 43 F.3d 1140, 1142 n. 2 (7th Cir.1994). *See also Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 760 n. 1 (7th Cir. 2001) ("Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure."). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir.2004) (internal quotation omitted). Thus, a court "may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008). In *Frietsch v. Refco, Inc.,* 56 F.3d 825 (7th Cir.1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir.2000) (stating that a party cannot use a motion to reconsider "to introduce new evidence that could have been

presented earlier").

There are two ways in which a Court may analyze a Motion to Reconsider, under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion for reconsideration is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b).[1] *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' " the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006).

---

[1]Prior to 2009, the time period for filing the motion was ten days.

Here, defendant contends that the Court should reconsider its ruling as "the Court's ruling omits any consideration of CHSI's reply brief and supporting declaration, which conclusively establish a lack of personal jurisdiction over CHSI." Defendant maintains that a number of entities exist with "Community Health Systems" or "CHS" in the name, but that they are independent entities separate and distinct from one another. Defendant reiterates that it and Marion Hospital relate only through a remote shareholder relationship. Plaintiffs oppose the motion arguing that based on numerous memorandum, emails and other evidence shows that Court does have jurisdiction over these defendants but that the defendants are joint employers of plaintiffs and do business in Illinois. Plaintiffs also maintain that defendant CHS exerts control over Maroin Hospital and its business and employment practices. Plaintiffs further maintain that CHS unilaterally refuses to produce any discovery/documentation relating to the corporate structure of its organization.

After reviewing the record again, the Court finds that defendant neither presented newly discovered evidence nor identified a manifest error of law or fact. Defendant's motion merely takes umbrage with the Court's ruling and rehashes old arguments. In rendering this Order and the Order denying the motion to dismiss, the Court examined the evidence, affidavits and case law submitted by the parties and remains convinced of the correctness of its position. Thus, the Court rejects defendant's motion for reconsideration. Further, the Court is not persuaded that this is a controlling issue o f law or that an appeal of this issue will materially advance the ultimate termination of this litigation.

Section 1292(b) states that when a district court judge believes that an order

for an interlocutory appeal involves 1) a controlling question of law, 2) to which there

is a substantial ground for difference of opinion, and 3) an immediate appeal from

the order may materially advance the ultimate termination of the litigation, then the

district judge may certify the request for such an appeal. Thereafter, the Court of

Appeals has discretion in permitting an appeal from such an order. *See* 28 U.S.C.

§ 1292(b); *In re Text Messaging Antitrust Litigation,* 630 F.3d 622, 624 (7th Cir.

2010) (stating that the district court must give permission to allow an interlocutory

appeal before the Court of Appeals makes a final decision about an immediate

appeal). The criteria under 1292(b) are "conjunctive, not disjunctive."*Ahrenholz v.*

*Bd. Of Trs.,* 219 F.3d 674, 676 (7th Cir. 2000). Further, a request for an

interlocutory appeal must be filed "within a *reasonable time* after the order sought

to be appealed." *Id.* at 675–76 (emphasis in original).

As noted above, an appeal under 1292(b) must involve a controlling question

of law as to which there is substantial ground for difference of opinion.[2] Defendant

has failed to demonstrate that this is a question of law.  A "question of law" under

section 1292(b) must be a "pure" question of law, "something the court of appeals

could decide quickly and cleanly without having to study the record," such as "a

question of the meaning of a statutory or constitutional provision, regulation, or

---

[2]This involves three separate issues. (1) the question must be *controlling;* (2) the question
must be a question of *law;* and (3) the question must be a question to which there is substantial
ground for difference of opinion.

common law doctrine ..." *Id.* at 676–677.   Application of a legal standard is a question of law. *In re Text Messaging Antitrust Litigation,* 630 F.3d at 626. However, the determination here does not involve a pure question of law, but will require the Seventh Circuit to look at evidence, facts and affidavits.

Judicial efficiency is an underlying principle behind section 1292(b). Certification by a district court for an interlocutory appeal may be justified upon the basis that it will expedite litigation. *Matter of Hamilton*, 122 F.3d 13, 15 (7th Cir.1997) ("[N]o basis has been laid for thinking that answering the former will expedite the litigation."). Defendant provides no evidence that an immediate appeal from the Order would materially advance the termination of this litigation and the Court finds no evidence that approving defendant's motion would expedite this litigation. Therefore, this Court does not find that an immediate appeal would materially advance the litigation.

### III.  Conclusion

Accordingly, the Court **DENIES** defendant Community Health Systems' Inc.'s motion for reconsideration of the Court's January 26, 2012 Memorandum and Order as to personal jurisdiction or in the alternative, request for certification of interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 36).

**IT IS SO ORDERED.**

Signed this 5th day of June, 2012.

Digitally signed by David R. Herndon
Date: 2012.06.05 12:06:52 -05'00'

**Chief Judge**
**United States District Court**